# Meringolo Law

375 Greenwich Street
New York, New York 10013
(212) 941-2077 / (212) 202-4936 fax
www.meringololaw.com

July 23, 2020

Hon. J. Paul Oetken
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *United States v. Galarza*, **19-Cr-761 (JPO)**

Dear Judge Oetken:

I am appointed to represent Damon Galarza under the Criminal Justice Act, 18 U.S.C. §3006A, et seq. ("CJA"). I write to request the appointment of Clara Kalhous, Esq., as associate counsel for Mr. Galarza under the CJA.

Mr. Galarza is charged in a multi-defendant indictment with a multi-year racketeering conspiracy, Hobbs Act robbery, narcotics distribution conspiracy, the brandishing of a firearm in relation to the Hobbs Act robbery, and the brandishing and discharge of firearms in relation to the narcotics distribution conspiracy. He faces a substantial term of imprisonment including a mandatory minimum of 10 years on the narcotics conspiracy alone. Given the gravity of the charges, there is a need for extensive investigation and research in order to challenge each aspect of the Government's proof.

The discovery in this case is voluminous.  Moreover, because of the sheer number of defendants and counts in the indictment, substantial time, attention and effort is required in order to isolate the material that pertains only to Mr. Galarza and to find a way to adequately review it with him during his continuing pretrial detention at MCC. In addition, it appears that there may be several meritorious pretrial motions to be filed on his behalf.

In light of the enormous amount of discovery review, research, and client conferencing that is necessary in order defend Mr. Galarza, I respectfully suggest that appointment of associate counsel at this point would represent a cost saving measure to the Court and a time saving measure for counsel.

Honorable J. Paul Oetken
United States District Judge
July 23, 2020
Page 2 of 2

Ms. Kalhous is an experienced senior associate attorney who has previously been assigned to assist me in numerous cases in the Southern District of New York and in the Second Circuit, several of which have proceeded to trial.  In addition, she has been appointed to assist other CJA panel attorneys in numerous cases since 2010. A copy of her CV including a representative case list is attached to this letter for the Court's consideration. In all instances, Ms. Kalhous' work has been efficient and targeted to assist me in client representation at all stages of the case.

If the Court is inclined to grant this request, I respectfully request that Ms. Kalhous be appointed at the associate rate of $100 per hour, a rate at which her services have previously been approved and which would represent a cost savings for the Court since my CJA rate is $152 an hour.

If the Court approves Ms. Kalhous' appointment, I ask for an initial approval for 100 hours of Ms. Kalhous' time with leave to request additional hours if the need arises. In addition, because Ms. Kalhous has, at my request, conducted some initial discovery review and analysis in this case for Mr. Galarza, I ask that her appointment be made *nunc pro tunc* to April 13, 2020, the date of my appointment in this matter.

Thank you for your consideration of this request.

Respectfully,
_____/s/_____
John Meringolo, Esq.

Cc: All counsel (by ECF)

Granted.
So ordered.
 July 23, 2020

_____
J. PAUL OETKEN
United States District Judge

(347) 415-9523       # CLARA S. KALHOUS, ESQ.       CLARA.KALHOUS@GMAIL.COM

**EXPERIENCE**

**ATTORNEY**
*Now Counsel Network; New York, NY*      *July 2016 - present*
Research and draft memoranda and motions for federal and state civil and criminal litigation on a per-case basis to attorneys in New York and New Jersey.

**ASSOCIATE ATTORNEY (OF COUNSEL)**
*Richard H. Rosenberg, Esq.; New York, NY*      *February 2016 - present*
Litigate federal criminal district court matters at all stages from arraignment to sentencing, including researching (discovery review, case investigation, strategic and legal analysis); drafting (memoranda, motions, briefs, discovery demands, responses, and replies); negotiating plea agreements with opposing counsel; representing clients in court appearances; and counseling clients.

**ASSOCIATE ATTORNEY (OF COUNSEL)**
*Donna R. Newman, PA; New York, NY*      *October 2012 - present*
Perform federal and state research (discovery review, case investigation, strategic and legal analysis) and drafting (memoranda, motions, briefs, discovery demands, responses, and replies) in civil and criminal litigation matters, both trial and appellate. Second seat at two federal trials.

**ATTORNEY/OWNER**
*Clara Kalhous, Esq.; New York, NY*      *December 2010 - present*
Focus on civil litigation and criminal defense at the trial and appellate levels. Experienced in writing legal motions, memoranda, complaints, discovery requests and responses in civil matters; writing legal motions, memoranda, and appellate and reply briefs in criminal matters; performing strategic and legal analysis; negotiating with opposing counsel; representing clients in state and federal court appearances, depositions, and mediations; and counseling clients.

**OF COUNSEL**
*Meringolo & Associates, P.C.; New York, NY*      *December 2010 - present*
Provide per-case litigation support including civil and criminal motions, responses, and replies; civil memoranda; discovery review, demands, and replies; and appellate research and brief drafting. Second seat at four federal criminal trials and two federal civil trials from 2011 to 2013. Assisted in the negotiation of an eight-figure civil settlement as well as several smaller settlements in New York, New Jersey, and Pennsylvania (*pro hac vice*).

**ASSOCIATE ATTORNEY**
*Law Office of Seth Ginsberg; New York, NY*      *December 2009 - December 2010*
Represented clients in state and federal courts in trial and appellate criminal matters. Drafted legal motions, appeals, habeas corpus petitions, and strategic memoranda.

**PUBLICATIONS**

*Bail Pending Trial: Changing Interpretations of the Bail Reform Act and the Importance of Bail from Defense Attorneys' Perspectives*, 32 Pace L. Rev. 800 (2012), with John Meringolo.

**EDUCATION**

BENJAMIN N. CARDOZO SCHOOL OF LAW, YESHIVA UNIVERSITY
*New York, NY - J.D. 2009*
*Honors*: Arts and Entertainment Law Journal, Heyman/ACCA In-House Counsel Externship Program, International Corporate and Intellectual Property Fellowship Program, Program in Holocaust and Human Rights Studies Fellow, Human Rights and Genocide Clinic, Bryne Judicial Fellowship

UNIVERSITY OF TENNESSEE, KNOXVILLE
*Knoxville, TN - M.M. 2005 in Music Performance and M.M. 2006 in Musicology*

RICE UNIVERSITY
*Houston, TX - B.A. 2001 in Political Science and German Studies*

**BAR ADMISSIONS**

New York (2009), New Jersey (2009), E.D.N.Y. (2010), S.D.N.Y. (2010), D.N.J. (2009), Second Circuit (2015).

CLARA S. KALHOUS — REPRESENTATIVE CASES

**FEDERAL TRIAL EXPERIENCE**

*United States v. Polanco*, 16-Cr.-826 (PAE), S.D.N.Y. - Appointed as associate counsel (CJA) to assist in all phases including mitigation, discovery review, and drafting of pretrial and *in limine* motions in a death eligible indictment involving murder, narcotics, firearms, and Hobbs Act robbery charges. Associate at two-week trial to verdict in 2019.

*United States v. Reid*, 18-Cr.-205 (ILG), E.D.N.Y. - Appointed (CJA) as associate counsel in a witness tampering case. Second seat four-day trial to verdict in 2018.

*United States v. Gonzales-Cueto*, 18-Cr.-48 (ILG), E.D.N.Y. - Appointed (CJA) as associate counsel in a narcotics importation case. Second seat four-day trial to verdict in 2018.

*United States v. Scott*, 16-Cr.-626 (KMK), S.D.N.Y. - Retained as associate counsel in an excessive use of force and conspiracy case. Gave opening statement and argued charge conference, bench memoranda, and oral Rule 29 motions during the course of trial. Second seat 10-day trial to verdict in 2017.

*United States v. Laurent*, 11-Cr.-303 (NGG), E.D.N.Y. - Appointed as a paralegal (CJA) to assist in a case alleging racketeering, conspiracy to commit racketeering, murder, conspiracy to murder, Hobbs Act robbery, conspiracy to commit robbery, and firearms offenses. Drafted and litigated numerous pretrial and *in limine* motions including challenges to fingerprint, ballistics, and DNA evidence. Third seat eight-week trial to verdict in 2015.

*United States v. Libous*, 14-Cr.-448 (VB), S.D.N.Y. - Retained to review all documents and subpoenas; draft pretrial and *in limine* motions and sentencing memorandum for Mr. Libous, who was charged with violations of 26 U.S.C. § § 7212(a) and 7206(1).

*United States v. Del Rosario*, 12-Cr.-81 (KBF), S.D.N.Y. - Appointed as associate counsel (CJA) in a narcotics conspiracy case. Drafted numerous *in limine* motions. Second seat five-day trial to verdict in 2012.

*United States v. DiMattina*, 11-Cr.-705 (JBW), E.D.N.Y. - Appointed as associate counsel (CJA). Drafted numerous winning *in limine* motions for Mr. DiMattina, an alleged associate of the Genovese Organized Crime Family, who was charged with two counts of conspiracy to commit extortion, two counts of extortion, and one count of using a firearm in connection with the first conspiracy and extortion counts. After a three-day trial in 2012 (third seat), Mr. DiMattina was acquitted on three of the five counts. The Honorable Jack B. Weinstein denied the defense's motion to acquit pursuant to Federal Rule of Criminal Procedure 29 but praised the arguments therein as "powerful." Mr. DiMattina's conviction was subsequently overturned on the grounds identified in the motion to acquit.

*United States v. Shepard*, 10-Cr.-653 (GBD), S.D.N.Y. - Appointed as associate counsel (CJA). Won a pretrial motion for severance for Ms. Shepard, who was charged with conspiracy to distribute and possess with the intent to distribute 1,000 or more kilograms of mixtures and substances containing marijuana and with making false statements to the government. After trial, the government dropped the false statements charges. Second seat six-day trial to verdict in 2011.

*Freydl v. Meringolo, et al.*, 09-Cv.-7196 (KPF), S.D.N.Y. - Won partial summary judgment dismissing all claims against the personal defendant as well as two of the plaintiff's eight enumerated claims for compensation against the corporate defendant. The parties reached a settlement on the second day of trial. Second seat at a two-day bench trial.

*Hooker v. United States of America*, 11-Cv.-2840 (LGS), S.D.N.Y. - Second seat at a two-day bench trial arising out of Mr. Hooker's complaint that the Bureau of Prisons negligently failed to protect Mr. Hooker from a reasonable risk of foreseeable harm under 18 U.S.C. § 4042 and under New York State law pursuant to the Federal Tort Claims Act.

**REPRESENTATIVE CIVIL CASES**

*Yurkovic v. NJHESAA, et al.*, 16-Cv.-5339 (PGS), D.N.J. - Researched and drafted motions in opposition to defense motions to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) in a case alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681a, *et seq.*, and related tort claims.

## CLARA S. KALHOUS — REPRESENTATIVE CASES

*The State of New York and The City of New York v. BB's Corner, Inc. Nitecap Entertainment Corp. et al.*, 12-Cv.-1828 (KBF), S.D.N.Y. – BB's Corner and Nitecap were charged with violating the Contraband Cigarette Trafficking Act, the Cigarette Marketing Standards Act, New York Executive Laws 156-c and 63. The complaint alleged that they were manufacturing and selling cigarettes with a Roll-Your-Own Tobacco machine without New York State or City tax stamps, and that the cigarettes were not certified as fire-safe. After challenging

the government's motion for a preliminary injunction, BB's Corner and Nitecap were permitted to remain in business. Before the case came to a final resolution, federal legislation was passed that obviated the need for continued litigation.

*Curves International, Inc. v. Deraney, et al.*, 11-Cv.-5487 (FSH), D.N.J. - Negotiated a favorable settlement on behalf of the corporate defendant in a breach of franchise contract case.

*Steele v. First National Bank of Mifflintown, et al.*, 11-Cv.-1124 (JEJ), M.D.P.A. - Drafted a winning motion objecting to the magistrate's report and recommendation that the case be dismissed. After nearly three years of litigation, the case was settled for a substantial sum.

*The Estate of Samir L. Wilkens v. Spotlight Live,* 111153/08 – Mr. Wilkens was a patron at Spotlight Live, a Manhattan nightclub, when his life came to an abrupt end at the age of 20. The wrongful death cause of action alleged negligence and gross negligence for Spotlight's failure to provide adequate security, which subsequently caused the death of Mr. Wilkens.

*The Estate of Joseph P. Graffagnino v. Lower Manhattan Dev. Corp.*, 104784/08 – A wrongful death cause of action on behalf of the Estate of firefighter Joseph P. Graffagnino, who at 33 years of age lost his life while fighting the infamous fire at the *Deutsche Bank Building*, on August 18, 2007. The case was partially settled for $10,000,000.00, the largest settlement for a civil servant employee in United States history.

REPRESENTATIVE
CRIMINAL CASES

*United States v. Scales*, 19-Cr.-96 (LTS), S.D.N.Y. - Appointed as associate counsel (CJA) in a case alleging narcotics conspiracy and murder-for-hire (death eligible superseding indictment anticipated).

*United States v. Sumlin*, 18-Cr.-682 (SHS), S.D.N.Y. - Appointed as associate counsel (CJA) in a felon-in-possession indictment to meet with the client and prepare motions in anticipation of trial.

*United States v. Zancocchio*, 18-Cr.-15 (AKH), S.D.N.Y. - Appointed as associate counsel (CJA) to review discovery and listen to cooperator recordings in a multi-defendant racketeering case allegedly involving organized crime. Client was acquitted of all charges at trial.

*United States v. Lopez*, 17-Cr.-390 (RJD), E.D.N.Y. - Appointed as associate counsel (CJA) in a multi-defendant case alleging, *inter alia*, narcotics conspiracy.

*United States v. Jones*, 18-Cr.-41 (DLC), S.D.N.Y. - Appointed as associate counsel (CJA) in a multi-defendant racketeering conspiracy case alleging narcotics conspiracy, Hobbs Act, and firearms violations.

*United States v. Mateo*, 17-Cr.-449 (KPF), S.D.N.Y. - Appointed as associate counsel (CJA) in a multi-defendant narcotics distribution conspiracy case.

*United States v. Carter*, 18-Cr.-390 (PAE), S.D.N.Y. - Appointed as associate counsel (CJA) in a multi-defendant narcotics distribution conspiracy case. Client received a below-Guidelines sentence based on 18 U.S.C. § 3553(a) considerations raised in sentencing memorandum.

*United States v. Tejada-Jimenez*, 17-Cr.-520 (ENV) and 17-Cr.-490 (ENV), E.D.N.Y. - Appointed as associate counsel (CJA) to assist in all aspects of two related cases, one of which involved identity theft and false statements on a United States passport application, and the other of which involved a narcotics conspiracy.

## CLARA S. KALHOUS — REPRESENTATIVE CASES

*United States v. Acosta, et al.*, 17-Cr.-487 (KMW), S.D.N.Y. - Appointed as associate counsel (CJA) to assist the attorney for the lead defendant in all aspects of a multi-defendant case involving firearms trafficking and narcotics conspiracy, including review and analysis of numerous Title III wire interceptions.

*United States v. Blain*, 17-Cr.-364 (CS), S.D.N.Y. - Appointed as associate counsel (CJA) to review discovery in a multi-defendant narcotics conspiracy.

*United States v. Ubilava*, 17-Cr.-350 (KBF), S.D.N.Y. - Appointed as associate counsel (CJA) to assist in all aspects of a multi-defendant racketeering conspiracy case allegedly involving a Russian organized criminal enterprise.

*United States v. Francois*, 16-Cr.-281 (PKC), E.D.N.Y. - Appointed as associate counsel (CJA) to assist in discovery review and drafting of pretrial and *in limine* motions including Fourth Amendment challenges to the arrest and related searches in a case involving Hobbs Act robbery and firearms charges. After negotiations and an extensive sentencing memorandum, the client received a 63-month sentence of incarceration, which represented a nearly 90% reduction from the applicable Guidelines range on the Hobbs Act count.

*United States v. Cummings*, 16-Cr.-212 (LAK), S.D.N.Y. - Appointed as associate counsel (CJA) to assist in discovery review and motion practice in a multi-defendant RICO case. Drafted a motion for deferred prosecution in consultation with lead CJA counsel that resulted in a successful misdemeanor plea negotiation.

*United States v. Pryor*, 16-Cr.-311 (KMW), S.D.N.Y. - Appointed as associate counsel (CJA) to assist in discovery review and motion practice in a multi-defendant narcotics case. Drafted   a motion for deferred prosecution in consultation with lead CJA counsel that resulted in a plea to a misdemeanor offense of narcotic possession.

*United States v. Glover*, 15-Cr.-537 (VEC), S.D.N.Y. - Appointed as associate counsel (CJA) to assist in discovery review and motion practice in multi-defendant RICO case. Participated in plea negotiations that resulted in a reduction of the mandatory minimum sentence from 10 to 5 years. After preparation of an extensive sentencing memorandum concerning the application of the Career Offender Guideline to Mr. Glover, he received a sentence of the mandatory minimum 60 months and the district court agreed that his prior convictions should be counted as relevant conduct to the offense of conviction.

*United States v. Grant*, 16-Cr.-468 (GHW), S.D.N.Y. - Retained as associate counsel to assist with drafting complex motions in a case alleging conspiracy to commit honest services wire fraud, honest services wire fraud, conspiracy to pay and receive bribes and gratuities, and receipt of bribes and gratuities. Client was acquitted after jury trial.

*United States v. Murgio*, 15-Cr.-769 ((AJN), S.D.N.Y. - Appointed (CJA) to assist with discovery review, organization, and analysis in preparation for trial on charges including money laundering, bribery, and operation of an unlicensed money transmitting business. Organized and reviewed high volume of discovery and summarized relevant documents for lead CJA attorneys' review.

*United States v. Budovsky*, 13-Cr.-368 (DLC), S.D.N.Y. - Appointed as associate counsel (CJA) to assist in pretrial motion practice, discovery review, large database searches, and trial preparation in the case with the largest volume of discovery ever produced in the history of the Southern District. Drafted numerous *in limine* motions, voir dire requests, discovery demands, and jury instructions on behalf of Mr. Budovsky, who was charged with violations of  18 U.S.C. §§ 1956(h) and 1960 in connection with his alleged ownership and management of Liberty Reserve.

*United States v. Yang*, 13-Cr.-179 (ER), S.D.N.Y. - Appointed (CJA) to assist in discovery review and pretrial motion practice.  Drafted a motion for deferred prosecution and when that application was denied, drafted a venue motion to transfer the case to the Eastern District of California.  Prosecution reconsidered and client was offered deferred prosecution before the district court decided the venue motion.

CLARA S. KALHOUS — REPRESENTATIVE CASES

*United States v. Castillo-Medina*, 12-Cr.-65 (SLT), E.D.N.Y. - Drafted and argued multiple pretrial motions on behalf of Mr. Castillo-Medina, who was charged with conspiracy to import and distribute marijuana and with money laundering.

*United States v. Mattocks*, 12-Cr.-712 (SHS), S.D.NY. - Appointed as associate counsel (CJA). Assisted in negotiating a reduced plea to a single count of using a telephone in furtherance of a narcotics conspiracy and drafted a sentencing memorandum focusing on Ms. Mattocks' status as the sole caregiver for her two young children and her invalid mother. Ms. Mattocks, who had originally faced a 10-year mandatory minimum sentence, was sentenced to three years of probation.

*United States v. Lowenstein*, 10-Cr.-583 (DLI), E.D.N.Y. - Assisted in pre- and post-plea negotiations on behalf of Mr. Lowenstein, who was charged with mail fraud and alleged to have devised a scheme to obtain in excess of $1.8 million in fraudulent rebates from Fortune 500 companies. After extensive negotiations and pretrial motions, the loss amount calculation was reduced from $1.8 million to under $400,000, significantly lowering Mr. Lowenstein's potential sentence.

*United States v. Manzella, et al.*, 10-Cr.-0010 (ENV), E.D.N.Y. - Drafted a winning motion for a concurrent sentence for Mr. Manzella, who was charged with Hobbes Act robbery, conspiracy to commit a Hobbes Act robbery, and unlawful use of a firearm in connection therewith. After pleading guilty in a related case, 09-Cr-1243 (LAK), S.D.N.Y., to RICO conspiracy, racketeering, illegal gambling, and wire fraud and receiving a 48-month sentence, Mr. Manzella was facing a possible consecutive sentence of 156 months. Following oral argument, the Honorable Eric N. Vitaliano found that the S.D.N.Y. case constituted "related conduct" and sentenced Mr. Manzella to a total term of 108 months in prison.

*United States v. Rea*, 10-Cr.-767 (JBW), E.D.N.Y. - Drafted numerous winning *in limine* motions for Mr. Rea, who was charged with RICO conspiracy, murder, attempted murder, extortion, and illegal gambling. The government alleged that Mr. Rea was an associate of the Bonanno Organized Crime Family and the shooter in a 1980 murder. Mr. Rea faced a potential life sentence. Following successful litigation of the defense's *in limine* motions, the Honorable Jack B. Weinstein ordered a hearing on the suppression of Mr. Rea's post-arrest statements to be reopened. After jury selection, Mr. Rea pled guilty to a single count of conspiracy to commit extortion and faced a potential sentence of 12 to 18 months in prison. He was sentenced to five years of probation.

**REPRESENTATIVE FEDERAL APPEALS & PETITIONS FOR CERTIORARI**

*United States v. Ahmed*, 18-550, 2d Cir. - Appointed as associate counsel (CJA) to assist in researching and drafting appellate brief in a document-intensive, multi-count Medicare fraud case following a 12-day trial.

*United States v. Burke*, 16-3842, 2d Cir. - Retained to represent Mr. Burke in connection with his opposition to the Government's motion to dismiss his appeal and to file an appellate brief on his behalf after his convictions for violating the civil rights of an individual in police custody and a subsequent conspiracy to cover up the violation.

*United States v. Khan*, 17-3287, 2d Cir. - Appointed as associate counsel (CJA) to assist lead counsel in researching and drafting the appellate brief for Mr. Khan, who was convicted after trial of federal narcotics offenses.

*United States v. Altareb*, 17-1717, 2d Cir. - Assisted in drafting the appellate brief for Mr. Altareb, who was convicted after trial of offenses including operation of an unlicensed money transmitting business and bulk cash smuggling.

*United State v. Fiumano*, 16-3250, 2d Cir. - Assisted in drafting Mr. Fiumano's appeal from his conviction of wire fraud in violation of 18 U.S.C. § 1349, including a challenge under *Honeycutt v. United States*, 581 S.Ct. __ (June 5, 2017) to the forfeiture imposed.

*United States v. Ventura*, 15-2675, 2d Cir. - Assisted in drafting Mr. Ventura's appeal from his conviction of felony murder and consequent life sentence, focusing on the accuracy of the jury charge given on the 18 U.S.C. § 924(c) offense, given that the law was changed in the years between the date of the offense and the trial, and whether murder-for-hire is a crime of violence.

## CLARA S. KALHOUS — REPRESENTATIVE CASES

*Anderson v. United States,* —S.Ct.— (2017) - Assisted in drafting Mr. Anderson's petition for certiorari, asking the Supreme Court to consider the Second Circuit's application of *Mathis v. United States,* 136 S.Ct. 2243 (2016) to Mr. Anderson's prior Connecticut State felony conviction and consequent determination that he was properly sentenced as a career offender.

*United States v. Miranda,* 15-3702, 2d Cir. - Assisted lead counsel, who won remand of Mr. Miranda's case for re-sentencing pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Amendment 782.

*United States v. Grenier,* 15-4112, 2d Cir. - Assisted in drafting Mr. Grenier's appeal, which argued that his mental illness and self-medication with methamphetamine on the date of the offense made it impossible for him to have knowingly and intentionally imported narcotics.

*United States v. Brown,* 16-269, 2d Cir. - Appointed as associate counsel (CJA) to assist in drafting Mr. Brown's appeal, which argued principally that the government proved a crime that was not charged in the indictment but failed to prove either the charged substantive federal mail fraud or mail fraud conspiracy.

*Rios Suarez v. United States,* —S.Ct.— (2015) - With lead counsel, drafted Mr. Rios Suarez' petition for certiorari asking the Court to rule on the circuit split concerning personal standing to raise a violation of the rule of specialty.

*United States v. Anderson,* 15-238, 2d Cir. - Assisted in drafting Mr. Anderson's appeal, arguing principally that the district court's abdication of its role of the guardian of the trial process's regularity had substantially prejudiced Mr. Anderson and denied him a fair trial and due process of law, and that Mr. Anderson was incorrectly designated a career offender under U.S.S.G. § 4B1.1.

*United States v. Vasquez,* 14-2494, 2d Cir. - Appointed as associate counsel (CJA) to research and draft Mr. Vasquez' appeal, which argued principally that the district court erred in finding Mr. Vasquez competent to stand trial.

*United States v. Libous,* 15-1798, 2d Cir. - Drafted Mr. Libous' appeal, which argued that his conviction should be overturned because the prosecution failed to prove willfulness beyond a reasonable doubt.

*United States v. Del Rosario,* 15-670, 2d Cir. - Assisted in drafting Mr. Del Rosario's appeal from the district court's denial of his motion for re-sentencing.  The prosecution conceded that Mr. Del Rosario's case should be remanded for re-sentencing and that the district court had erred in setting a firm deadline before which he was barred from applying for re-sentencing consideration under the 2014 Sentencing Guidelines amendments.

*United States v. Yingst,* 12-Cr.-4628, 2d Cir. - Assisted in drafting Mr. Yingst's appellate brief and reply, which argued that images stored on a networked computer were not demonstrably downloaded by Mr. Yingst and should not, therefore, have been counted against him for purposes of Sentencing Guidelines calculations.

*United States v. Sebbern,* 14-3211, 2d Cir. - Assisted in drafting appellate brief and reply for Mr. Sebbern, who was convicted after a jury trial of murder in aid of racketeering, conspiracy to commit murder in aid of racketeering, racketeering, racketeering conspiracy, unlawful use of firearms, felon in possession of a firearm, body-armor possession, and conspiracy to distribute cocaine base and cocaine.

*United States v. Calabretta,* 14-3969, 3d Cir. - Assisted in drafting Mr. Calabretta's appellate brief, reply, and winning supplemental post-argument brief requested by the Court considering the application of *Johnson v. United States,* 135 S. Ct. 2551 (2015) to Mr. Calabretta's case that resulted in a precedential opinion from the Third Circuit holding the residual clause of USSG §4B1.2 void for vagueness and remanding Calabretta's case for re-sentencing.

*United States v. Rios Suarez,* 14-2378, 2d Cir. - Assisted in drafting Mr. Rios Suarez' appellate brief and reply, which argued that he was denied the effective assistance of counsel

CLARA S. KALHOUS — REPRESENTATIVE CASES

during plea negotiations in violation of the Fifth and Sixth Amendments of the United States Constitution and that the 648-month (54-year) sentence imposed on the 46-year-old defendant was effectively a life sentence imposed in violation of the Colombian extradition order pursuant to which Mr. Rios Suarez was subject to the jurisdiction of the Southern District of New York.

*United States v. Del Rosario*, 12-3963, 2d Cir. - Assisted in drafting Mr. Del Rosario's moving appellate brief and reply and the supplemental brief after the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Mr. Del Rosario's appeal argued that *Brady* violations and other trial irregularities deprived him of the fair trial to which he was entitled under the Constitution. Mr. Del Rosario's supplemental brief raised the issue of whether Mr. Del Rosario's prior conviction should have been submitted to the jury and found beyond a reasonable doubt rather than determined by the judge by a preponderance of the evidence. The Court of Appeals for the Second Circuit upheld the sentence. The Supreme Court of the United States denied certiorari on the supplemental question, declining to reconsider *Almendarez-Torres v. United States*, 118 S. Ct. 1219 (1998).

*United States v. Shepard*, 11-4450, 2d Cir. - Assisted in drafting Ms. Shepard's appellate brief and reply, which argued primarily that venue was improper in the Southern District of New York and asked the Court to consider whether text messages sent from one cellular telephone to another, where the sender is unaware of the receiver's location, were sufficient to create venue in the receiver's location.

*United States v. Okpomo*, 10-3981, 2d Cir. - Identified the winning issue—misapplication of the Sentencing Guidelines—and drafted Mr. Okpomo's appellate brief, resulting in a remand for re-sentencing and a subsequent 13-month reduction in Mr. Okpomo's term of incarceration.

*United States v. Freeman*, 10-5047, 2d Cir. - Assisted in drafting Mr. Freeman's appellate brief, which argued that his sentence was procedurally unreasonable because it was based on clearly erroneous factual findings and assumptions about the national security implications of his conduct that were unsupported by the record.